# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                                   |   |                    |
|---|---|---|
| **UNITED STATES OF AMERICA,**     | ) |                    |
|                                   | ) |                    |
| **Plaintiff,**                    | ) |                    |
|                                   | ) | **Criminal Case**  |
| v.                                | ) |                    |
|                                   | ) | No. 10-20007-02-CM |
|                                   | ) |                    |
| **MARCELLA DIANE MACHADO,**       | ) |                    |
|                                   | ) |                    |
| **Defendant.**                    | ) |                    |
|                                   | ) |                    |

## MEMORANDUM AND ORDER

Pending before the court is defendant's Motion for Sentence Modification. (Doc. 186). Defendant Marcella Machado requests that the court modify her sentence in this case to a sentence of time-served, or in the alternative, that the date of her sentence should run concurrent with the 50-month sentence she received in state court. For the reasons set out below, the court denies defendant's motion.

## I.   Factual and Procedural Background

Defendant pleaded guilty to counts of aggravated identity theft, conspiracy to commit an offense against or to defraud the United States, and theft or receipt of stolen mail. She was sentenced by this court on June 7, 2010 to a total imprisonment term of 54 months. Defendant has been incarcerated within the Kansas Department of Corrections since December 8, 2009.

## II.  Legal Standard(s)

A court may not modify a term of imprisonment once it has been imposed, unless the request falls under three exceptions. "The first exception requires that the Director of the Bureau of Prisons file the motion based on specified conditions." *United States v. Graham*, 304 Fed. App'x 686,

687–688, 2008 WL 5328446, at *1 (10th Cir. 2008) (citing § 3582(c)(1)(A)). The second exception is where the court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id*. (internal quotation marks omitted) (citing § 3582(c)(1)(B). Finally, an exception applies when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id*. (citing § 3582(c)(2)).

### III.   Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *U.S. v. Jensen*, No. 2:09-CR-347 TS, 2010 WL 4791437 at *1, (D. Utah Nov. 18, 2010).  Defendant's request does not fall into any of the exceptions under 18 U.S.C. § 3582(c).  An issue in the calculation of a defendant not receiving appropriate credit for time served would be addressed by the Bureau of Prisons.  "Only the Attorney General through the Bureau of Prisons has the power to grant sentence credit." *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).  If defendant is challenging the calculation of sentence credit, defendant must first exhaust all administrative remedies with the Bureau of Prisons before seeking judicial intervention regarding the calculation of credit for time served on the sentence. *Jensen*, at *2.  Defendant has not provided evidence that she has exhausted her administrative remedies, and therefore, this court does not have the authority to modify her sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion for Sentence Modification (Doc. 186) is denied.

-3-

Dated this 14th day of September 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**